UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROYAL HOST REALTY, LLC,                    :
                                           :
                         Plaintiff,        :        **DECISION AND ORDER**
                                           :
      - against -                          :
                                           :
793 NINTH AVENUE REALTY, LLC AND           :
212 EAST 72ND STREET, LLC,                 :
                                           :
                         Defendants.       :
------------------------------------X

SDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/16

15-cv-4622 (VM)

**VICTOR MARRERO, United States District Judge.**

Cross-claim defendant Federal Deposit Insurance Corporation as Receiver for Doral Bank ("FDIC")[1] has filed a Motion to Dismiss each of the five cross-claims brought against it by defendants and cross-claim plaintiffs 753 Ninth Avenue Realty, LLC and 212 East 72nd Street, LLC (collectively, "Defendants") in their Verified Answer with Counterclaims and Cross-Claims ("Answer with Cross-Claims," Dkt. No. 1, Ex. 3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). ("Motion to Dismiss," Dkt. No. 20.) At the same time that Defendants filed their Opposition to FDIC's Motion to Dismiss ("Defendant Opposition," Dkt. No. 29), Defendants filed a Cross-Motion to Amend/Correct Answer with Counterclaims and Cross-Claims.

---

[1] FDIC is not a named defendant in the Complaint. Accordingly, the claims asserted against it are actually third-party claims that have been incorrectly denominated as "cross-claims" in the Answer with Cross-Claims. For the purposes of this Order, the Court refers to them as "cross-claims."

("Motion to Amend," Dkt. No. 27.) For the reasons stated below, FDIC's Motion to Dismiss is GRANTED and Defendants' Motion to Amend is DENIED.

## I.  FACTUAL BACKGROUND[2]

### A.  PROCEDURAL HISTORY

Royal Host Realty, a limited liability company ("Royal Host"), commenced this action against Defendants in the Supreme Court of the State of New York on December 12, 2014 and thereafter filed a timely amended complaint. On February 26, 2015, Defendants filed their Answer Cross-Claims, which includes seven cross-claims ("Cross-Claims"),[3] five of which are claims made against Doral Bank, a financial institution

---

[2] The Court derives the factual and procedural summary below from the following submissions and the documents cited or relied upon for the facts pleaded therein: (1) Complaint, dated Dec. 12, 2016 (Dkt. No. 1, Ex. 1); (2) Amended Complaint, dated Dec. 18, 2016 (Dkt. No. 1, Ex. 2); (3) Defendants' Answer with Cross-Claims, dated Feb. 26, 2016 (Dkt. No. 1, Ex. 3); (4) FDIC's Motion to Dismiss, dated Feb. 4, 2016 (Dkt. No. 20); (5) FDIC's Brief in Support of its Motion to Dismiss, dated Feb. 4, 2016 (Dkt. No. 22); (6) Defendants' Motion to Amend, dated Mar. 8, 2016 (Dkt. No. 27); (7) Defendants' Brief in Opposition to FDIC's Motion to Dismiss and in Support of Defendants' Motion to Amend, dated Mar. 8, 2016 (Dkt. No. 29); (8) FDIC's Reply in Support of its Motion to Dismiss, dated April 4, 2016 (Dkt. No. 32); (9) FDIC's Brief in Opposition to Defendants' Motion to Amend, dated April 4, 2016 (Dkt. No. 33); and (10) Defendants' Reply in Support of Defendant's Motion to Amend, dated April 18, 2016 (Dkt. No. 36). The Court accepts the facts in the pleadings as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except where specifically quoted, no further citation will be made to the documents mentioned above or the documents referred to therein.

[3] The first two Cross-Claims seek relief only from cross-claim defendant Sam Suzuki ("Suzuki"). The Third through Seventh Cross-Claims are brought against FDIC and seek money damages; four of the claims also seek money damages from cross-claim defendants Suzuki, Suzuki Capital, LLC, and Royal Host.

in Puerto Rico that issued a loan in the amount of $8,100,000
to Defendants in order to refinance existing mortgages
against their properties.

On February 27, 2015, the Office of the Commissioner of
Financial Institutions of the Commonwealth of Puerto Rico
closed Doral Bank, and FDIC accepted its appointment as Doral
Bank's receiver pursuant to Title 7, Section 201 of the Laws
of Puerto Rico, and 12 U.S.C. Sections 1821(c)(3)(A) and
1821(c)(5). (See Dkt. No. 22, Ex. 3.) Pursuant to 12 U.S.C.
Section 1821(d)(2)(A), FDIC, by operation of law, succeeded
to all rights, titles, powers, and privileges of Doral Bank.
FDIC now manages the assets of Doral Bank and is charged with
the duty of concluding Doral Bank's affairs. On June 10, 2015,
FDIC filed a Notice of Substitution in the Supreme Court of
the State of New York, New York County, "substituting FDIC as
the proper party in the place and stead of Doral Bank." (Id.)
FDIC filed a Notice of Removal on June 15, 2015, and the
action was subsequently removed to this Court. (See Dkt. No.
1.)

Following the removal, this action was stayed by
stipulation of the parties pending the determination of
Defendants' claims in FDIC's administrative claims process as
required by 12 U.S.C. Section 1821(d)(3) through (13). (Dkt.
No. 7.) Following FDIC's rejection of Defendants' claims by

letter dated October 26, 2015, Defendants requested that the
stay be lifted, and the case was subsequently reactivated by
this Court. (Dkt. No. 12.)

B.    DEFENDANTS' CROSS-CLAIMS

In their Answer with Cross-Claims, Defendants assert
that they obtained a loan in the amount of $8,100,000 ("Loan")
from Doral Bank in order to refinance an existing mortgage
loan secured by real property identified as 753 Ninth Avenue,
New York, New York (the "Commercial Property") and 212 East
72nd Street, New York, New York (the "Residential Property")
(collectively, the "Properties"). (Dkt. No. 20, Ex. 2.)
Defendants contend that the prior mortgage loan was in
default, and that they needed the Loan to prevent foreclosure.
Defendants argue that Doral Bank, Suzuki, and Suzuki Capital
underwrote the Loan as a commercial loan, thereby avoiding
the statutory requirements of the Truth in Lending Act
("TILA") and the Real Estate Settlement Procedures Act
("RESPA") pertaining to residential home mortgages.[4]

Defendants received a commitment letter (the "Commitment
Letter") from Doral Bank on the day prior to the agreed
closing date for the Loan. The Commitment Letter required
that the Properties be managed by Royal Host, an entity

---

[4] The sole member of one Defendant entity has allegedly inhabited one of
the Properties securing the Loan as her primary residence for 22 years.
(Dkt. Nos. 22, 29.)

4

allegedly wholly owned by Suzuki and/or Suzuki Capital. Defendants allege that they were then presented with a Management Agreement to engage Royal Host's services and contend that they were assured by Suzuki and representatives of Doral Bank that it was a "standard agreement." (Id.) Defendants argue that they relied on this representation and subsequently signed the Management Agreement and closed on the Loan.

Defendants allege that following the closing of the Loan, Royal Host mismanaged the Properties to ensure that Defendants would not be able to meet their debt obligations on the Loan and further failed to pay certain obligations on the Properties, causing $300,000 in damages to Defendants. Accordingly, Defendants assert Cross-Claims alleging common law fraud, unjust enrichment, and violations of TILA, RESPA, and New York's Deceptive Practices Act under General Business Law Section 349 ("GBL Section 349"). Defendants seek to recover money damages, attorneys' fees, and punitive damages from FDIC.

FDIC filed its Motion to Dismiss on February 4, 2016. FDIC argues that Defendants have failed to allege the common law fraud and unjust enrichment claims with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). Additionally, FDIC argues that Defendants'

cross-claims alleging violations of the TILA, RESPA, and GBL Section 349 are either barred by statute or fail to make the allegations required to obtain the requested relief.

C.    DEFENDANTS' PROPOSED AMENDED ANSWER

Defendants filed their Motion to Amend on March 8, 2016. Defendants argue that they are entitled to amend their answer because (1) justice so requires and (2) the amended answer ("Amended Answer") would survive FDIC's Motion to Dismiss. Defendants contend that their Amended Answer properly alleges that Doral Bank appointed Suzuki as its agent and authorized Suzuki to represent Doral Bank in connection with the loans at issue and that the Amended Answer identifies the fraudulent misrepresentations and omissions made by Doral Bank's agents. Defendants also argue that their Amended Answer includes an adequate allegation of conspiracy, which includes broad-based liability against Doral Bank. Finally, Defendants argue that the Amended Answer alleges that Doral Bank conspired to set the loans up so that they would fail, thereby affording Doral Bank the opportunity to collect default interests at the rate of twenty-four percent per annum.

FDIC counters that Defendants' Amended Answer fails to identify: (1) why the alleged statements by Doral Bank, or Doral Bank's alleged agents, are false, misleading, or material; (2) why Defendants did not independently verify the

alleged misstatements; and (3) what the basis is for the alleged duty Doral Bank owed to Defendants. FDIC also argues that Defendants' conspiracy to commit fraud claim fails where the underlying fraud claim is deficient.

## II.   **LEGAL STANDARD**

A.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Under Rule 12(b)(6), a complaint should be dismissed if the plaintiff has not offered sufficient factual allegations that render the claim facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint should not be dismissed if the factual allegations "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleadings must include more than "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555; it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The role of a court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted). A court must accept all well-pleaded factual

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Even so, a court should not accept as true any "legal conclusion couched as a factual allegation." Iqbal, 556 at 678-79.

B.   MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO RULE 15(a)

Rule 15(a)(1) of the Federal Rules of Civil Procedure ("Rule 15") states that a "party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Defendants filed and served their Answer in New York State Supreme Court on February 26, 2015. FDIC filed its Motion to Dismiss pursuant to Rule 12(b)(6) on February 4, 2016. Defendants' time to amend as of right expired on February 25, 2016.

Whether to allow a party to amend its complaint is "within the discretion of the district court." Am. Med. Ass'n v. United Healthcare Corp., No. 08 Civ. 2800, 2006 WL 3833440, at *3 (S.D.N.Y. Dec. 29, 2006). Leave to amend a pleading "shall be given freely when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted Rule 15

to permit such amendments unless: (1) the party seeking to amend has unduly delayed; (2) the party seeking to amend is acting with a dilatory motive; (3) the proposed amendment would cause undue prejudice to the opposing party; or (4) the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). The adequacy of the proposed amended complaint is to be judged by the same standards as those governing the adequacy of a filed pleading. Id.

### III. DISCUSSION

The Court now considers the Third through Seventh Cross-Claims brought against FDIC in deciding the Motion to Dismiss and the Motion to Amend.

### A. THIRD CROSS-CLAIM: FRAUD

#### 1. Legal Standard

To prove common law fraud under New York law, a plaintiff must show: (1) a material false statement or omission; (2) made with knowledge of its falsity; (3) with an intent to defraud; and (4) reasonable reliance on the part of the plaintiff; (5) that causes damage to the plaintiff. See Haggerty v. Ciarelli & Dempsey, 374 F. App'x 92, 94 (2d Cir. 2010) (citing Eurycleia Partners, LP v. Seward & Kissel, LLP,

9

910 N.E.2d 976 (N.Y. 2009)).

Rule 9(b) imposes a heightened pleading standard on an allegation of fraud. It requires a party claiming fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); see ATSI Commc'ns Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007). In particular, Rule 9(b) prescribes that the complaint specify: (1) the statements that the party contends were fraudulent; (2) the speaker; (3) where and when the statements were made; and (4) an explanation of why the statements were fraudulent. See Landesbank Baden-Wurttemberg v. Goldman Sachs & Co., 821 F. Supp. 2d 616, 621 (S.D.N.Y. 2011).

A claim based on fraud by failure to disclose requires proof that the defendant owed a duty of disclosure to the plaintiff and breached that duty by intentionally concealing or omitting material information, resulting in an injury to the plaintiff. FDIC v. U.S. Mortg. Corp., No. 13 Civ. 00517, 2015 WL 5559645, at *11-*12 (E.D.N.Y. Sept. 15, 2015). The heightened pleading standard for Rule 9(b) requires that the plaintiff specify in the complaint: (1) what the omission was; (2) the person responsible for the failure to disclose; (3) the context of the omissions and what the defendant obtained through the fraudulent omission. Malmsteen v. Berdon, LLP, 447 F. Supp. 2d 648, 654 (S.D.N.Y. 2007).

10

When alleging fraud "plaintiffs must assert facts that plausibly support the inference of fraud." Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC, 797 F.3d 160, 170 (2d Cir. 2015) (quoting Cohen v. S.A.C. Trading Corp., 711 F.3d 353, 360 (2d Cir. 2013)) (internal quotations omitted). Furthermore, "allegations of fraud based on information and belief are insufficient unless they include a statement of facts on which the belief is founded." Trustees of Plumber and Pipefitters Nat. Pension Fund v. De-Con Mech. Contractors, Inc., 896 F. Supp. 342, 346 (S.D.N.Y. 1995). When the complaint alleges fraud against multiple defendants, Rule 9(b) "requires that a plaintiff differentiate his allegations as to each defendant." Naughright v. Weiss, 826 F. Supp. 2d 676, 689 (S.D.N.Y. 2011).

### 2.   Application

Defendants argue in their Answer with Cross-Claims that FDIC: (1) intentionally concealed "the relationship between [Royal Host], Doral Bank, Suzuki Capital[,] and Suzuki and the agreements which were in place between [them] with regard to the Properties" and (2) made a false statement when they told Defendants that the Management Agreement presented at closing was a "standard agreement." (Dkt. No. 1, Ex. 3.) Defendants also allege that they were advised that the "rental income from the Commercial Property would cover the debt

11

service of the Loans." (Id.)

In support of its Motion to Dismiss, FDIC argues that Defendants have failed to allege a valid cause of action based upon either fraudulent concealment or misrepresentation because Defendants: (1) do not make a showing that Doral Bank had a duty to disclose the alleged relationship or agreements between the parties or how Defendants were misled or injured by the alleged omission; (2) do not plead how the alleged statement regarding the Management Agreement was false, that Doral Bank knew it was false, or how Defendants suffered by the alleged falsity of the statement; (3) have improperly grouped their fraud allegations as to multiple defendants without any distinction among them; and (4) have failed to allege why it was reasonable for them to rely on the alleged advice given to them rather than verifying the advice independently. (Dkt. No. 22.) Finally, FDIC argues that all of the fraud allegations are improperly based on information and belief.

After review of the Motion to Dismiss and the Motion to Amend, the Court is persuaded that Defendants' Answer with Cross-Claims is legally insufficient to support a claim of fraud against FDIC under the heightened pleading standard of Rule 9(b). While Defendants' Amended Answer contains additional allegations, it remains lacking in its specificity

12

as to the basis for Doral Bank's duty to Defendants and the reasons Defendants contend that the statements made were in fact false, misleading, or material. Accordingly, FDIC's Motion to Dismiss as to the Third Cross-Claim is GRANTED.

B.    FOURTH AND FIFTH CROSS-CLAIMS: RESPA AND TILA

    1.    Legal Standard

The provisions of RESPA and TILA do not apply to credit transactions involving extensions of credit "primarily for business, commercial, or agricultural purposes." 12 U.S.C. Section 2606(a)(1); 15 U.S.C. Section 1603(1); 12 C.F.R. Section 1024.5(b)(2); 12 C.F.R. Section 226.3(a)(1). These statutes require "that creditors provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, as well as notice of the borrower's right of rescission." Fiorenza v. Fremont Inv. & Loan, No. 08 Civ. 858, 2008 WL 2517139, at *2 (S.D.N.Y. June 20, 2008) (internal quotation marks omitted) (quoting Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) (explaining the purpose of TILA)).

The party asserting a violation of RESPA or TILA bears the burden of showing that the loan in question was obtained for personal, as opposed to business purposes, bringing it within the purview of the statutes. See Beach, 523 U.S. at

13

412 ("[TILA] authorizes a borrower whose loan is secured with his principal dwelling . . .") (internal quotation marks omitted); see also Ngwa v. Castle Point Mortg., Inc., No. 08 Civ. 859, 2008 WL 3891263, at *7 (S.D.N.Y. Aug. 20, 2008) (Plaintiffs asserted TILA and RESPA claims when the loan was secured by the consumer's "principal dwelling."). "In evaluating whether a certain loan was made for commercial purposes, the emphasis should be on the purpose of the transaction and not the categorization of the properties used to secure the loan." Galindo v. Financo Fin., Inc., No. 07-03991, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008) (dismissing TILA and RESPA claims for failure to state a claim where the complaint failed to make any allegations detailing the purpose of the loan and there was no evidence provided to discern whether or not the loan was made for a business or personal purpose).

### 2. Application

#### a. TILA

Defendants seek money damages from Doral Bank pursuant to TILA. However, TILA precludes claims for money damages against FDIC in its capacity as a receiver. 15 U.S.C. Section 1641(a) and (e)(1) ("Section 1641"). Section 1641 contains a carve-out specifically barring claims against involuntary assignees. FDIC was statutorily obligated to accept its

14

appointment as receiver and succeed Doral Bank. Defendants do not include a TILA cross-claim in their Amended Answer. Accordingly, FDIC's Motion to Dismiss as to the Fourth Cross-Claim is GRANTED.

b. RESPA

Defendants allege that the proceeds of the loan at issue were used to refinance an existing mortgage loan on their commercial and residential properties and that Doral Bank, Suzuki, and Suzuki Capital underwrote and processed the loan as commercial. (Dkt. No. 29.) FDIC argues that Defendants have failed to allege whether the purpose of the loan at issue was business or personal or how the loan proceeds were allocated between commercial and residential properties. (Dkt. No. 22.)

Defendants contend that their Amended Answer alleges that the loan was used to maintain a residential property and therefore was primarily for personal and family uses. (Dkt. No. 36.) FDIC argues that the burden Defendants bear is to prove that the loan was made primarily for residential purposes and yet Defendants fail to allege facts that would support the allegation that the loan was in fact primarily for residential purposes. (Dkt. No. 33.)

Upon review of the Motion to Dismiss and the Motion for Leave to Amend, the Court is persuaded that Defendants' Answer

with Cross-Claims is legally insufficient to support a RESPA claim. While Defendants' Amended Answer contains additional allegations related to the purpose of the loans at issue, the contentions are conclusory, and include no specific facts that support the allegation that the Loan was primarily for residential purposes.

Accordingly, FDIC's Motion to Dismiss as to the Fifth Cross-Claim is GRANTED.

C.   SIXTH CROSS-CLAIM: UNJUST ENRICHMENT

1.   Legal Standard

To state a claim of unjust enrichment under New York law, the plaintiff must allege: "(1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or [benefit] to the plaintiff." Golden Pacific Bancorp v. Federal Deposit Ins. Corp., 273 F.3d 509, 519 (2d Cir. 2001); Dolmetta v. Uintah Nat'l Corp., 712 F.2d 15, 20 (2d Cir. 1983); see also Kidz Cloz, Inc. v. Officially for Kids, Inc., 320 F. Supp. 2d 164, 177 (S.D.N.Y. 2004).

Where, as here, an unjust enrichment claim is premised on claims of fraudulent conduct, the facts alleging that conduct are subjected to the higher pleading standard of Rule 9(b). Benefield v. Pfizer Inc., 103 F. Supp. 3d 449, 465

(S.D.N.Y. 2015). Vague or general allegations are insufficient to plead a claim for unjust enrichment. See In re Inv'rs Funding Corp. of New York Sec. Litig., 566 F. Supp. 193, 203 (S.D.N.Y. 1983). "Without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal." Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1111 (2011).

Moreover, an unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." Weisblum v. Prophase Labs, Inc., 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015) (internal citations and quotation marks omitted). If the plaintiff is simply restating a contract or tort claim, then unjust enrichment is not available. See Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014); Koenig v. Boulder Brands, Inc., 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) ("Yet, an unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'").

   2. Application

Defendants argue that they paid Royal Host, Suzuki,

Suzuki Capital, and Doral Bank with fees and money "for services" with no associated benefit in return. (Dkt. No. 28, Ex. 1.)

FDIC counters that Defendants fail to identify what services were to be provided by the banks or what fees and money were allegedly paid unjustly to the banks. Moreover, FDIC argues that the Defendants received the benefit of the above exchange to pay off a prior lender and thereby save their properties from foreclosure.

Defendants argue that their Amended Answer alleges that as a result of their default on the underlying loans at issue, Doral Bank "collected from [Suzuki and Suzuki Capital] default interests at the usurious rate of twenty-four percent (24%) per annum." (Dkt. No. 28, Ex. 1.)

FDIC responds that the Defendants do not state the basis for their legal conclusion that a twenty-four percent default interest rate is usurious under New York law or provide any detail as to how much of the interest was actually paid to FDIC. Moreover, FDIC points to the allegation in the Amended Answer that states that "neither Royal Host nor Suzuki ever made any payments to Doral Bank." (Dkt. No. 28, Ex. 1, ¶ 105.) FDIC argues that this contradictory allegation fails to support Defendants' claim that FDIC was enriched at Defendants' expense.

Upon review of the Motion to Dismiss and the Motion to Amend, the Court is persuaded that Defendants' Answer with Cross-Claims is legally insufficient to support an unjust enrichment claim against FDIC. The Court is also persuaded that Defendants' unjust enrichment claim is duplicative of their fraud claim. Though Defendants' Amended Answer contains additional allegations related to an alleged usurious mortgage interest, Defendants fail to adequately plead that FDIC was enriched by these fees. Accordingly, FDIC's Motion to Dismiss as to the Sixth Cross-Claim is GRANTED.

D.   SEVENTH CROSS-CLAIM: GENERAL BUSINESS LAW SECTION 349(a)

     1.   Legal Standard

GBL Section 349(a) states that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." To enforce this provision, GBL Section 349(h) declares that "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law Section 349(h).

In order to state a claim for relief under GBL Section 349(a), a plaintiff must allege that: "(1) the act or practice

19

was consumer-orientated; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as result." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009). Private contract disputes do not constitute conduct that affects consumers at large and, therefore, do not satisfy the consumer-oriented threshold requirement under GBL Section 349. See Grahm v. Select Portfolio Servicing, Inc., 15 Civ. 0183, 2016 WL 215237, at *12 (S.D.N.Y. Jan. 18, 2016) (dismissing the plaintiff's GBL Section 349 claim where the complaint failed to plead how the defendants' allegedly misleading practices would affect the public at large). Moreover, conclusory, unspecified, and unsupported allegations are insufficient to meet the GBL Section 349 consumer-orientated threshold. See Lava Trading Inc. v. Hartford Fire Ins. Co., 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004) ("[C]onclusory allegations, even of the existence of a [claim settlement policy] designed to deceive the public, are not sufficient to state a claim under [GBL Section 349] in the absence of factual allegations in support thereof.").

2. Application

Defendants argue that their Answer includes allegations that concern a loan transaction collateralizing the dwelling of a mortgagor, which is the sort "typically associated with consumer protection statutes like GBL Section 349(a)." (Dkt.

No. 33.) Defendants also argue that Royal Host, Doral Bank, Suzuki, and Suzuki Capital violated GBL Section 349 when they concealed from the Defendants the agreements, arrangement, and relationship, by, between, and amongst Doral Bank, Suzuki, and Suzuki Capital as it related to the Defendants' properties and loans.

FDIC responds that Defendants' GBL Section 349 claim is a recitation of their fraud claim. As with Defendants' fraud claim, FDIC contends that Defendants fail to explain what the alleged agreements, arrangements, or relationships at issue were, how Defendants materially relied on them, or how Defendants were damaged by them. FDIC also argues that the Defendants fail to allege that Doral Bank's conduct was consumer-oriented, deceptive conduct aimed at the public at large as required by GBL Section 349. Moreover, FDIC contends that Defendants have failed to specify reasons that the transactions at issue might possibly affect the public at large. Finally, FDIC contends that Defendants' alleged misrepresentations and omissions are not actionable because they were independently verifiable, lack factual specificity, and were largely disclosed in the Management Agreement they received.

In their Amended Answer, Defendants include additional allegations that outline how the alleged deceitful acts of

the banks "concern ordinary and recurring consumer transactions, such as a loan transaction collateralizing the dwelling of a mortgager," that might "potentially affect similarly situated consumers applying for dwelling-secured loans and, as such, have a broad impact on consumers at large." (Dkt. No. 28, Ex. 1.)

FDIC argues that these allegations are inconsistent with allegations in the Amended Answer that indicate that the property at issue is not the dwelling of a mortgagor.

Upon review of the Motion to Dismiss and the Motion to Amend, the Court is persuaded that Defendants' Answer with Cross-Claims is legally insufficient to support a claim pursuant to GBL Section 349 against FDIC. Though Defendants' Amended Answer contains additional allegations in support of their statement that similarly situated dwelling-mortgagors might be impacted by FDIC's actions, these allegations appear to be contradicted on the face of the Amended Answer and, therefore, Defendants fail to adequately plead that FDIC's actions in this case affect the public at large. Accordingly, FDIC's Motion to Dismiss as to the Seventh Cross-Claim is GRANTED.

E.   LEAVE TO AMEND

The Court has concluded that Defendants' additional allegations regarding FDIC in the Amended Answer (Dkt. No.

28, Ex. 1) fail to state a claim upon which the requested relief can be granted. The added facts that Defendants have alleged do not establish that their Amended Answer would constitute viable and legally sufficient cross-claims for fraud, unjust enrichment, and violations of TILA, RESPA, and GBL Section 349 that would survive a motion to dismiss under Rule 12(b)(6). The Court is therefore persuaded that it would be futile for Defendants to be given leave to amend their answer by adding their proposed factual allegations. Accordingly, Defendants' Motion for Leave to Amend/Correct Answer is DENIED.

## IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 20) of defendant Federal Deposit Insurance Corporation as Receiver for Doral Bank ("FDIC") to dismiss the cross-claims against it by defendants and cross-claim plaintiffs 753 Ninth Avenue Realty, LLC, and 212 East 72nd Street, LLC (collectively, "Defendants") in their Verified Answer with Counterclaims and Cross-Claims ("Answer with Cross-Claims", Dkt. No. 1, Ex. 3), in its entirety and with prejudice, is **GRANTED** as to Cross-Claims III, IV, V, VI, and VII of the Answer; and it is further

**ORDERED** that the motion (Dkt. No. 27) of Defendants for

23

leave to file an amended answer is **DENIED**.

The Clerk of Court is directed to terminate any pending motions regarding FDIC and to close this case as it pertains to FDIC.


**SO ORDERED.**

Dated:      New York, New York
            28 June 2016


                                    Victor Marrero
                                       U.S.D.J.